**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12682
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

FRANK RICHARD NICKENS,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00211-PGB-NWH-1

————————————

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Frank Nickens appeals his sentence of 36 months' imprisonment for wire fraud, an upward variance from the guideline range of 8 to 14 months' imprisonment.  The conviction arose out of a

scheme Nickens devised during the COVID-19 pandemic, in which he created a company that falsely claimed to be a manufacturer of hand sanitizer, causing about $70,000 in loss to his victims. On appeal, Nickens argues that his sentence is substantively unreasonable because the district court improperly considered the 18 U.S.C. § 3553(a) factors and gave undue weight to his criminal history. After thorough review, we affirm.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A party challenging a sentence bears the burden of proving that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a),[1] and the substantial deference afforded the sentencing court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

---

[1] The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a). Section 3553(a)(2)(C) is known as the "specific deterrence or incapacitation factor." *Irey*, 612 F.3d at 1212–13.

We measure the substantive reasonableness of a sentence against the § 3553(a) factors and "the totality of the circumstances." *United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191–92 (11th Cir. 2008)). A sentencing court abuses its "considerable discretion" only if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (quoting *Irey*, 612 F.3d at 1189). We give "due deference" to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (citation modified). The district court need not give all the factors equal weight and is given discretion to attach great weight to one factor over another. *Rosales-Bruno*, 789 F.3d at 1254. It also maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of factors than to the guideline range. *Id.* at 1259.

The sentencing court has wide discretion to decide whether the § 3553(a) factors justify a variance. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 593 U.S. 374 (2021). A major variance must be supported by more significant reasoning than a minor one, but the court need not discuss each factor in its justification. *Irey*, 612 F.3d at 1196; *Gall*, 552 U.S. at 50; *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). We do not apply a "mathematical approach" to calculating the extent of a variance, since quantification

will always make "deviations from the Guidelines range . . . appear more extreme -- in percentage terms -- when the range itself is low." *Gall*, 552 U.S. at 47–48. We do not presume that a sentence outside of the guideline range is unreasonable. *Irey*, 612 F.3d at 1187. An indicator of a reasonable sentence is that it is well below the statutory maximum for the crime. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014); *see United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (affirming an above-guideline sentence of 40 months' imprisonment as reasonable where it fell "significantly below" the 120-month statutory maximum).

The district court can rely on factors in imposing a variance that it previously considered in calculating the guideline range. *Rodriguez*, 628 F.3d at 1265. So, for example, the district court may vary upward to protect the public from a defendant with a lengthy criminal history. *Rosales-Bruno*, 789 F.3d at 1262. We've said that "[i]f [the defendant] is a recidivist, the court may correctly conclude that previous punishment for criminal conduct failed to deter him and that a harsher sentence is warranted." *United States v. Riley*, 995 F.3d 1272, 1277, 1280–81 (11th Cir. 2021) (affirming sentence 52 months above the guideline range where the district court found the range inappropriate in light of the defendant's "horrendous" criminal history); *United States v. Osorio-Moreno*, 814 F.3d 1282, 1284, 1288 (11th Cir. 2016) (affirming upward variance of about twice the high end of guideline range due to the defendant's "staggering 20 convictions"). Consideration of a defendant's criminal history in varying upward is reasonable even for non-violent offenses. *United*

*States v. Lyons*, 403 F.3d 1248, 1256 (11th Cir. 2005).  The sentencing court may also impose an upward variance based upon uncharged conduct, since it relates to the history and characteristics of the defendant and the need to promote respect for the law, afford adequate deterrence, and protect the public.  *United States v. Overstreet*, 713 F.3d 627, 630, 637–38 (11th Cir. 2013).

Here, Nickens argues that his sentence of 36 months' imprisonment -- a 22-month upward variance from the guideline range of 8-14 months' imprisonment -- is substantively unreasonable because the sentencing court focused on his past criminal history with only passing references to the other § 3553(a) factors.  We disagree.

For starters, the district court did not abuse its discretion in considering Nickens' criminal history in imposing the upward variance.  At the time of sentencing, Nickens had been convicted of at least 15 crimes involving fraud or dishonesty, and, as the court noted, Nickens had not received any criminal history points for these convictions due to their age.  The court also properly considered uncharged conduct in deciding Nickens's sentence, including that he had obtained an unpaid $50,000 promissory note after his interview with the FBI and had used fabricated bank statements to successfully bid on a property to secure a building loan.  *Id*.

Nor did the district court give undue weight to Nickens's criminal history to the exclusion of all other § 3553(a) factors.  As the record reflects, the court also based Nickens's sentence in part on the seriousness of the offense -- noting that Nickens has preyed on the vulnerabilities of front-line workers during the COVID-19

pandemic and that he had used sophisticated means to commit the fraud. Additionally, the court based the upward variance in part on a consideration of respect for the law, observing that Nickens's stall tactics throughout the investigation and prior to sentencing had not demonstrated adequate respect. The court's upward variance further addressed its concern for protecting the public from Nickens's pervasive capacity to commit fraud, where, as the court noted, Nickens's lifetime of criminal convictions and various terms of imprisonment had not effectively deterred him. Moreover, the variance was still well below the statutory maximum of 20 years, an indicator of reasonableness. *Dougherty*, 754 F.3d at 1364.

As for Nickens's argument that his sentence of imprisonment is unreasonable because of the extent of the variance, it fails. Because Nickens's guideline range of 8 to 14 months was itself low, any deviation would necessarily "appear more extreme -- in percentage terms." *Gall*, 552 U.S. at 47–48. In any event, the court said several times -- and had the discretion to determine -- that the Sentencing Guidelines' inability to capture the seriousness of Nickens's offense and his criminal history warranted the variance. *Rosales-Bruno*, 789 F.3d at 1262.

**AFFIRMED.**